Johnson, J.
The criminal code (title 5, art. 2) prescribes *577 the mode of arraignment, the pleas that may be made, and proceedings thereon.
By section 115, the accused shall be arraigned by reading-the indictment, and the court shall ask him: “Are you guilty of the offense therein charged, or are you not guilty?”
By section 119, if he plead “guilty,” “ the plea shall be-recorded on the indictment.”
By section 120, if he plead not guilty,” “ the plea shall be entered on the indictment.”
By section 118, if the issue upon a plea in bar be found against the accused, or if he offer no plea in bar, he shall answer the question propounded by the court, by pleading- “ guilty ” or “ not guilty ;” but if he plead evasively, or' stand mute, he shall be taken to have pleaded “ not guilty.”' In the case at bar, the record is silent as to an arraignment and plea, except that the indictment shows the indorsement already quoted, which was made by order of the court after the jury was impaneled and sworn without objection.
If the accused had been arraigned at a previous term, and pleaded to the indictment, but the proper officer had omitted to enter the plea, we think it was entirely proper that the-court should cure the omission, by making the indorsement' that should have been made at the proper time.
If we follow literally the language of section 118, there is no requirement that any indorsement shall be made on the indictment when tbe accused refuses to plead. At most, all the indorsement' that should be made in such case was-the simple words “ not guilty.”
The only reasonable interpretation of this indorsementis, that it was made to cure an omission of the officer whose-duty it was to enter the plea upon the indictment.
The accused did not then claim that he had never been arraigned nor had an opportunity to plead ; but that “ no-plea was indorsed thereon ” — that is, on the indictment.
In view of the fact that the accused had appeared and given. *578 bond to answer the charge at the next term ; that he was ready for trial; that he permitted a jury to be sworn as upon a plea of not guilty, and that, upon examination of the indictment, while stating his case to the jury, he then, for the first time, objected to proceeding further, because no plea was indorsed thereon — it is fairly to be inferred that be had already plead, but that the proper officer bad failed enter such plea on the indictment.
Upon finding that the proper indorsement was not made be declined to proceed ; thereupon, counsel for accused was .•asked if he had any objection to the form or substance of the indictment, to which it was replied that he had not.
The record then shows that the accused declined further ■to plead, whereupon the court ordered this indorsement to be made.
Declining further to plead, implies he had already made • bis plea, and was objecting because of the omission to ■enter it.
It was not a case of pleading evasively, or of standing mute, coming under section 118 of the code, but of a refusal further to plead, because there was no indorsement •entered on the indictment.
That the court might, under the circumstances stated, •cure an omission, to make such indorsement when a plea had in fact been orally put in, there can be little doubt.
If the fact was that the accused had not been properly .arraigned, or had no opportunity to plead, counsel would .have so stated, and placed his objection on that ground.
It is true, that, in the motion for a new trial, it is stated .as a fact that such was the case; but this motion was overruled, and, for aught that appears, because it was not true, .and that in fact the accused had plead, but no entry thereof was entered upon the indictment.
To rebut the presumption arising from the record, the .fact alleged in the motion should have been made part of fhe record by a bill of exceptions.
This was not done, and the absence of such a bill of ex *579 ceptions can not be supplied by allegations of fact in the motion for a new trial, unsupported by the record.
This view of the case makes it unnecessary to consider the question presented, whether, in the case stated, the trial could proceed, if, in fact, the accused had not been arraigned, nor had an opportunity to plead.

Judgment affirmed.